FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 29, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TEREX USA LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW TROWBRIDGE, an individual,<br><br>Defendant. | No. 2:26-cv-00436-RLP<br><br>ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER |

Before the Court is Plaintiff Terex USA LLC's Motion for Temporary Restraining Order. ECF No. 5. An expedited hearing was held by videoconference on September 29, 2026. Attorney Per Jansen appeared on behalf of Terex; Andrew Trowbridge appeared unrepresented. Having heard from the parties, reviewed the motion, the Declaration of Todd Goss and attached exhibits, and the Complaint, the Court concludes the requirements of Rule 65(c) are met and GRANTS the temporary restraining order.

LEGAL STANDARD

A temporary restraining order preserves the status quo until a preliminary injunction is heard to prevent irreparable loss prior to judgment. *Grondal v. United States*, No. CV-09-0018-JLQ, 2009 WL 233887, at *1 (E.D. Wash. Jan. 30, 2009). A motion for a temporary restraining order must show a risk of immediate and irreparable injury and a certification in writing of any efforts to give notice. Fed. R. Civ. P. 65(b)(1)(A)–(B). The requirements for a temporary restraining order are the same as those for a preliminary injunction, where a plaintiff must show (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) the balance of equities weighs in the petitioner's favor, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 23 (2008); *see Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

BACKGROUND FACTS

Mr. Trowbridge served as Terex's Business Development Manager for approximately five years, during which he had access to, and knowledge of, Terex's confidential pricing, profit margins, dealer strategies, customer relationships, and competitive analyses. Terex invested substantial resources in developing and protecting this information.

Four days before giving notice of his resignation on September 4, 2026, Mr. Trowbridge downloaded over 30 files to a USB drive, including, but not limited to: (a) the AggreSand 206 pricing spreadsheet containing confidential pricing formulas, profit margins, and dealer discounts, which he renamed twice in an apparent attempt to conceal its nature; (b) project proposals, including at least one active customer proposal, and (c) an internal competitive comparison document analyzing Terex and CDE Group offerings. When confronted at his exit interview, Mr. Trowbridge initially denied taking any documents, then claimed he took only documents he personally created, a claim contradicted by the forensic evidence. Mr. Trowbridge has confirmed his intent to work for CDE Group, a direct competitor, in the same or substantially similar role. During the September 29, 2026 hearing, Mr. Trowbridge confirmed that he currently works for CDE Group.

## ANALYSIS

Terex has satisfied all four criteria for a temporary restraining order.

First, the materials filed by Terex demonstrate a likelihood of success on the merits of at least some of its claims. Terex states a plausible claim for misappropriation of trade secrets under the Defend Trade Secrets Act and Washington Uniform Trade Secrets Act, 18 USC § 1839(5), RCW 19.108.010. According to Terex's proffered evidence, Mr. Trowbridge deceptively downloaded Terex's confidential proprietary information, which could serve to benefit CDE

Group to the disadvantage of Terex. This would appear to meet the elements of the governing statutes *See InteliClear, LLC v. ETC Glob. Holdings, Ind.,* 978 F.3d 653, 657 (9th Cir. 2020); *NW Monitoring LLC v. Hollander*, 534 F. Supp. 3d 1329, 1336 (W.D. Wash. 2021). Tarex also states a plausible claim that Mr. Trowbridge's employment with CDE Group, a direct competitor, violates the parties' non-competition covenant. According to Tarex's evidence, the covenant was supported by independent consideration, Mr. Trowbridge was compensated more than $100,000 per year, Mr. Trowbridge left Tarex's employment on his own accord, and the covenant covered a period less than 18 months. *See* RCW 49.62.020.

Second, Terex has demonstrated an imminent threat of irreparable injury. It is well established that the potential loss of trade secret information constitutes an irreparable injury, because once the information is disclosed it cannot be recalled. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 841 (9th Cir. 2001) ("A trade secret once lost is, of course, lost forever"). Terex has proffered evidence that Mr. Trowbridge possesses confidential information, including knowledge of at least one active customer project, that could be used at any time to damage Terex's market standing. Furthermore, the apparently dishonest statements attributed to Mr. Trowbridge during his separation from Terex suggest Mr.

Trowbridge was motivated to use misappropriated information to benefit himself and CDE Group at the expense of Terex.

Third, the balance of equities weighs in Terex's favor. The threat of harm to Terex posed by Mr. Trowbridge's conduct would be irreparable. Conversely, Mr. Trowbridge is not harmed by an order prohibiting him from disclosing confidential information that belongs to Terex. To the extent Mr. Trowbridge may be harmed by a temporary order prohibiting continued employment with CDE Group, Terex has agreed to post a bond in the amount of $40,000. Thus, Mr. Trowbridge may be fully compensated, should Terex's claims against Mr. Trowbridge fail on the merits.

Finally, the public's interests weigh in favor of granting relief. The public has a general interest in the enforcement of trade secret laws and enforcement of contracts. There is certainly no harm to the public in granting Terex's motion.

In addition to meeting the four substantive factors governing issuance of a TRO, Plaintiff has also met the TRO requirements set by FRCP 65. Terex's counsel has been in constant communication with Mr. Trowbridge, including warning him that his conduct, if left unremedied, would result in court action. Terex also notified Mr. Trowbridge of the TRO hearing and Mr. Trowbridge appeared by video. These efforts, coupled with Terex's demonstration of immediate and irreparable injury, satisfy the requirements of FRCP 65(b)(1).

**Accordingly, IT IS ORDERED:**

1. Plaintiff's Motion to Expedite, **ECF No. 3,** is **GRANTED**.

2. Plaintiff's Motion for Temporary Restraining Order, **ECF No. 5**, is **GRANTED**.

3. This TRO is entered at 11:55 a.m. on September 29, 2026. This TRO is effective immediately but will automatically dissolve if Plaintiff fails to post a **security bond of $40,000** by the close of business on **Thursday, October 1, 2026**. The Court will reconsider the amount of the security bond at the preliminary injunction hearing, if necessary.

4. This TRO shall expire 14 days from the date and time of entry unless extended for good cause or unless Defendant consents to a longer extension.

5. The Court **SETS** a preliminary injunction hearing on **October 13, 2026 at 9:30 a.m.** in Spokane by videoconference.

6. Defendant Andrew Trowbridge is **ENJOINED** as follows:

   a. Mr. Trowbridge shall immediately cease working for, providing services to, or communicating with CDE Group regarding any work, until further order of this Court or until the preliminary injunction hearing, whichever occurs first; the only exception to the prohibition on

communication is that Mr. Trowbridge may notify CDE Group that he cannot work for them for at least the next 14 days;

b. Mr. Trowbridge shall not use or disclose any of Terex's confidential information, including but not limited to: the AggreSand 206 pricing spreadsheet; technical specifications of Terex products; the Terex/CDE competitive comparison document; Terex training materials; Terex project proposals; and any other Terex documents in Defendant's possession, custody, or control;

c. Mr. Trowbridge shall not: (i) solicit, contact, or communicate with any Terex customer or dealer for the purpose of encouraging modification or termination of such customer's or dealer's relationship with Terex; (ii) solicit any Terex employee to terminate employment with Terex; or (iii) disclose any Terex confidential information to CDE Group or any other competitor in the washing equipment industry.

7. The parties shall meet and confer within seven (7) days regarding a proposed schedule for limited expedited discovery in connection with the preliminary injunction hearing and shall submit a joint proposed discovery plan or, if unable to agree, separate proposals, within ten (10) days of entry of this Order.

8. Any supplemental briefing on the issue of a preliminary injunction shall be filed by 5:00 PM on October 8, 2026.

9. Plaintiff shall provide a copy of this Order to Mr. Trowbridge as expeditiously as possible.

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order and provide copies to counsel.

DATED September 29, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE